Syllabus.

At the close of the testimony, the defendant company asked the court to charge the jury:

7. That under all the evidence, the verdict must be for the defendant.

The court, ARNOLD, J., so instructed; and a verdict for the defendant having been returned, a rule for a new trial discharged and judgment entered, the plaintiff took this appeal assigning the instruction to find for the defendant, for error.

*Mr. James M. Beck* (with him *Mr. John T. Murphy*), for the appellant.

Counsel cited: Neslie v. Railway Co., 113 Pa. 300; Stager v. Railway Co., 119 Pa. 70; Germantown Ry. Co. v. Walling, 97 Pa. 55; West Phila. Ry. Co. v. Gallagher, 108 Pa. 524; Johnson v. Railroad Co., 70 Pa. 357.

*Mr. Wm. Henry Lex*, for the appellee.

Counsel cited: Harrisburg v. Saylor, 87 Pa. 216; Penna. R. Co. v. Fries, 87 Pa. 234; King v. Thompson, 87 Pa. 365; Hoag v. Railroad Co., 85 Pa. 296; Reddington v. Traction Co., 132 Pa. 156.

PER CURIAM:

The plaintiff was properly nonsuited in the court below. The injury of which he complains was the result of his own negligence. There was nothing to submit to the jury.

Judgment affirmed.

———————

# I. S. CURRIER v. CONRAD GREBE, JR.

APPEAL BY DEFENDANT FROM THE COURT OF COMMON PLEAS NO. 4 OF PHILADELPHIA COUNTY.

Argued April 8, 1891—Decided April 27, 1891.

*(a)* In a landlord and tenant case, under the act of December 14, 1863, P. L. [1864] 1125, there was evidence to show that a written notice to quit was pushed under the defendant's door, when absent to evade the ser-

Charge of Court below.

vice; that on his return he entered by the same door; and that the next day the plaintiff told him of the written notice:

1. In such case, the question of service was a question of fact for the jury; and it was not error to instruct the jury that if they believed the defendant purposely kept away so that he could not be served with the notice, and the notice was put under the door by the plaintiff, the service thereof was sufficient.

Before PAXSON, C. J., GREEN, CLARK, McCOLLUM and MITCHELL, JJ.

No. 217 January Term 1891, Sup. Ct.; court below, No. 947 June Term 1890, C. P. No. 4.

To the number and term of the court below, an appeal by the defendant was entered, from the judgment of a magistrate in a landlord and tenant proceeding, under the act of December 14, 1863, P. L. [1864] 1125, by I. S. Currier against Conrad Grebe, Jr. Issue.

On the trial, the sole question in controversy was as to whether there was a sufficient service of the notice to quit. There was testimony on the part of the plaintiff to show on July 1, 1885, he let the premises in dispute to the defendant from year to year, by parol; that on March 31, 1890, the plaintiff prepared a written notice to the defendant to deliver possession on July 1st following, and served the notice on the evening of that day by pushing it under the door of the barber shop in the demised premises, the barber shop and the dwelling of the defendant being closed; that the defendant and the members of his family were absent from early in the evening until after midnight, for the purpose, as was claimed, of evading the service; that on their return home they entered the dwelling by the barber shop; and that the next day the plaintiff verbally informed the defendant of the leaving of the notice as stated, and gave him a verbal notice to quit on July 1st. The defendant testified that the written notice was not brought to his attention, denied that he was absent to evade the service thereof, and denied receiving the verbal notice on the next day.

At the close of the testimony, the court, REED, J., charged the jury in part as follows:

Now, did he give notice on the thirty-first day of March?

Charge of Court below.

It is conceded by the defendant's counsel,—at least, the defendant's counsel does not deny, that Mr. Currier went there and attempted to serve a notice on the defendant. Now, the law undoubtedly is that, as a general rule, notice must be served upon some one occupying the premises, the tenant himself or some adult person on the premises. That is the general rule; but it is claimed here on the part of the plaintiff that in point of fact this notice was received; that it was left on the premises, and that the defendant purposely absented himself with his own family, his wife and two children and his brother; that they shut up, not only the house, but the barber shop, for the purpose evidently of preventing a service of this notice.

Gentlemen, if you believe all that, I think you will be entitled under the circumstances as the plaintiff relates them, and as the plaintiff has maintained as to the notice,—[if, in point of fact, you believe that the plaintiff went there and left a notice under the door, and that the defendant left the house for the purpose of evading the notice and found the notice when he reached home,—it seems to me,—the rational inference would be such, although you cannot jump at it, you cannot guess at it,—it seems to me that you would infer from all the evidence in the case, that that was so, then you would be entitled to conclude that the defendant had sufficient notice, and that a sufficient notice had been served on the thirty-first of March].[5] But, supposing that you should not be of that opinion; supposing that you shall be of the opinion that there was no such notice; was there a notice served on the first of April? because if there was, it was in time. A notice served on the first of April was a notice served three months before the expiration of the lease, under the decisions which are indisputable.

Now, there is a contention upon that point. . . .

The defendant requests the court to charge you:

3. That if the notice to quit, alleged to have been served by plaintiff on defendant in this suit, was in writing, and was not served personally on defendant, or else, if served upon the demised premises, the notice to quit was not left with an adult member of the defendant's household, the verdict must be for the defendant.

Answer: I affirm that as a general proposition, excepting as

Opinion of the Court.

I have modified it by stating to you that if you believe the defendant purposely kept himself away so that he could not be served with notice that night, and a notice was put under the door by the plaintiff, that would be sufficient service.[7]

4. That if the notice to quit was in writing, and was simply left on the premises without the knowledge of the defendant, or an adult member of his household, it is insufficient, and the verdict must be for the defendant.

Answer: I cannot charge you that the verdict must be for the defendant under any circumstances; and therefore, if there were no other reasons, I should not affirm that point.[8]

5. That, under the evidence in this case, the notice alleged to have been given by the plaintiff is insufficient, and the verdict should be for the defendant.

Answer: I decline so to charge you.[9]

—The jury returned a verdict in favor of the plaintiff, and assessed damages at $140.80. Judgment having been entered, the defendant took this appeal, assigning for error:

5. The portion of the charge in [ ] [5]

7–9. The answers to the defendant's points.[7 to 9]

*Mr. William C. Mayne,* for the appellant.

Counsel cited: Rich v. Keyser, 54 Pa. 86; McGee v. Fessler, 1 Pa. 126; Graver v. Fehr, 89 Pa. 463; Jackson and Gross on L. & T., 2d ed., § 473; Wilgus v. Whitehead, 89 Pa. 131; Taylor on L. & T., 8th ed., 484.

*Mr. Francis F. Kane* and *Mr. C. Stuart Patterson,* for the apppellee.

Counsel cited: Dunmire v. Price, 12 W. N. 179.

PER CURIAM:

This was a case for the jury, and the facts were submitted to them under proper instructions. There is no more to be said.

Judgment affirmed.

On May 4, 1891, a motion for a re-argument was refused.